Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410
*Attorneys for Plaintiffs*
*Hardy Way, LLC and Nervous Tattoo, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARDY WAY, LLC, a Delaware Limited Liability Company; NERVOUS TATTOO, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WINTER CONCEPTS, INC., a California Corporation; RAMTIN NOSRATI a/k/a RAY NOSRATI, an individual; FARHAD HEIDARI, an individual; MARK KLOCKNER, an individual dba RETAIL INFUSION; DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 10-0250 DSF (MANx)<br><br>**] ORDER RE CONSENT OF JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL WITH PREJUDICE** |

Plaintiffs Hardy Way, LLC and Defendants Winter Concepts, Inc., Ramtin Nosrati a/k/a Ray Nosrati, Farhad Heidari, and Mark Klockner dba Retail Infusion have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendants, having agreed to consent to the below terms, it is hereby:

**ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

1.   This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Plaintiff Hardy Way, LLC is the worldwide owner of the DON ED HARDY and ED HARDY stylized and non-stylized trademarks (hereinafter collectively "Ed Hardy Marks").  U.S. Trademark Registrations for the Ed Hardy Marks include but are not limited to:  3,632,302 ("ED HARDY"); 3,600,285 ("ED HARDY"); 3,706,123 ("ED HARDY"); 3,654,597 (stylized "Ed Hardy"); 3,654,747 ("ED HARDY"); 3,124,710 ("Don Ed Hardy"); 3,135,603 ("Ed Hardy"); 3,141,658 (stylized "Ed Hardy"); 3,600,285 ("Ed Hardy"); and 3,635,990 ("Love Kills Slowly" logo).

3. Plaintiff Nervous Tattoo, Inc. ("Nervous Tattoo") has the exclusive license to design, manufacture, promote, sell, and distribute certain products bearing the Ed Hardy Marks, including but not limited to apparel, accessories, and snowboarding equipment and accessories.

4. For purposes hereof, the "Licensing Agreement" means that certain Licensing Agreement dated August 1, 2008 by and between Nervous Tattoo and Winter Concepts, Inc ("Winter Concepts"), as amended by First Amendment dated February 11, 2009 pursuant to which Nervous Tattoo granted to Winter Concepts a license to manufacture, market and sell certain snowboarding equipment and accessories as set forth therein using the Ed Hard Marks. Defendants shall have until ninety (90) days from the Effective Date of the Confidential Settlement Agreement and Mutual Release ("Sell-Off Period") to sell the remaining products in its inventory which have been approved by Nervous Tattoo in writing through Defendants' existing, recognized network of distributors which have been expressly approved by Nervous Tattoo in writing, through the network of stores designated by Nervous Tattoo in writing, and such other distribution channels as may be developed and approved by Nervous Tattoo in writing ("Sell-Off Products"). Nervous Tattoo is under no obligation to approve any products or any distribution channels.

5. Defendants shall submit the identity of all intended distributors and distribution channels (including distribution channels of distributors) to Nervous

1  Tattoo for Nervous Tattoo's prior written approval prior to selling any Ed Hardy-
2  branded products.  Nervous Tattoo's decision on whether or not a specific store or
3  chain of stores is an acceptable channel for the sale and distribution of the Sell-Off
4  Products shall govern and control.
5         6.     Defendants also hereby agree to pay Earned Royalties (as defined in the
6  parties' Licensing Agreement) and furnish Statements (as defined in the parties'
7  Licensing Agreement) with respect to the Sell-Off Period in accordance with the terms
8  and conditions of the Licensing Agreement as though the Licensing Agreement and the
9  License were still in effect.
10        7.     Notwithstanding the terms outlined in Paragraphs 4 – 6 above, except as
11 expressly permitted herein, Defendants and their agents, servants, employees and all
12 persons in active concert and participation with them are hereby permanently
13 restrained and enjoined from infringing upon the Ed Hardy Marks, either directly or
14 contributorily, in any manner, including generally, but not limited to, manufacturing,
15 importing, distributing, advertising, marketing, offering for sale and/or causing to be
16 manufactured, imported, distributed, advertised, marketed, offered for sale, and/or sold
17 any unauthorized product bearing the Ed Hardy Marks, or marks confusingly similar or
18 substantially similar to the Ed Hardy Marks, and, specifically from:
19        (a)    Using the Ed Hardy Marks or any reproduction, counterfeit, copy or
20 colorable imitation of the Ed Hardy Marks in connection with the manufacture,
21 importation, distribution, advertisement, offer for sale and/or sale of products
22 comprising not the genuine merchandise of Plaintiffs, or in any manner likely to cause
23 others to believe that such products are connected with Plaintiffs;
24        (b)    Passing off, inducing or enabling others to sell or pass off any
25 products or other items that are not genuine Ed Hardy® merchandise;
26        (c)    Committing any other acts calculated to cause purchasers to believe
27 that Defendants' products are genuine Ed Hardy® merchandise unless they are such;
28

3

[PROPOSED] ORDER GRANTING CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND
VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE

1    (d)    Knowingly shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the Ed Hardy Marks, or any reproduction, counterfeit, copy or colorable imitation thereof;

   (e)    Directly or indirectly manufacturing, advertising, promoting, distributing, offering for sale, and/or selling products bearing the Ed Hardy Marks via kiosks;

   (f)    Knowingly assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to herein.

8.    The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

9.    The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice as to Defendants Winter Concepts, Inc., Ramtin "Ray" Nosrati, Farhad Heidari, and Mark Klockner dba Retail Infusion.

IT IS SO ORDERED.

DATED:    6/7/10

_____
Hon. Dale S. Fischer
**United States District Judge**